1
2
3
4
5            **UNITED STATES DISTRICT COURT**
6               **DISTRICT OF NEVADA**
7
8    ESTHER AXELSON,                          )
                                              )
9                    Plaintiff,               )      Case No.  2:11-cv-01827-RCJ-GWF
                                              )
10   vs.                                      )      **ORDER**
                                              )
11   HARTFORD INSURANCE COMPANY OF THE  )      Motion for Protective Order (#23)
     MIDWEST,                                 )
12                                            )
                     Defendant.               )
13   _____ )

14          This matter comes before the Court on Defendant's Motion for a Protective Order (#23),

15   filed on December 19, 2013.  Plaintiff filed a timely Opposition (#25) on January 2, 2013.

16   Defendant filed a timely Reply (#26) on January 8, 2013.  The Court conducted a hearing on the

17   Motion on January 12, 2013.  *See Minutes of Proceedings, Doc. #32.*

18          The basis of Plaintiff's claim is Defendant's allegedly bad-faith refusal to pay Plaintiff the

19   limits of an automobile insurance policy after an accident.   Defendant represents that the subject

20   policy included an uninsured motorist ("UIM") benefit of up to $100,000, and that Defendant paid

21   Plaintiff $5,000 in medical and $39,285 in UIM benefits.  In support of her claim to the policy

22   limits, Plaintiff provided a letter to Defendant from her treating physician, Dr. Elkanich, that stated

23   Plaintiff "may be a candidate for multilevel cervical reconstruction." *See Doc. #23, Ehx. 1.*

24   Defendant claims Plaintiff refused to allow Defendant to ask Dr. Elkanich whether he believes

25   Plaintiff's medical issues are causally related to the accident at issue in this case.  Plaintiff filed her

26   bad faith claim in the Eighth Judicial District Court of Nevada on March 9, 2011, *See Doc. #1, Exh.*

27   *A,* and Defendant filed its Petition for Removal (#1) on November 14, 2011.

28   . . .

1    Defendant now moves the Court for a protective order regarding any discovery into

2    Defendant's reasoning for not deposing Dr. Elkanich.  On October 28, 2012, Plaintiff obtained the

3    opinion of an insurance coverage expert, Joseph Vaccaro ("Vacccaro").  *See Doc. #23, Exh. 2.*

4    Vaccaro concluded that Defendant acted in bad faith by, among other things, failing to promptly

5    depose Dr. Elkanich after this action was filed to evaluate Plaintiff's injuries.

6        Federal Rule of Civil Procedure 26(b)(1) provides that parties may "obtain discovery

7    regarding any non-privileged matter that is relevant to any party's claim or defense."  Courts may

8    limit discovery, however, "to protect a party or person from annoyance, embarrassment,

9    oppression, or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).  The party opposing disclosure

10   has the burden of proving "good cause," which requires a showing "that specific prejudice or harm

11   will result" if the protective order is not granted.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

12   1122, 1130 (9th Cir. 2003).

13       Defendant argues its reason for not immediately deposing Dr. Elkanich is irrelevant and

14   privileged.  The Ninth Circuit has held that post-litigation conduct is properly excluded as evidence

15   to prove bad faith.  *See, e.g., Storner v. Paul Revere Life Ins. Co.*, 220 Fed.Appx. 566, 567 (9th Cir.

16   2007).  Other courts have also held that an insurer's post-litigation conduct is not relevant to bad

17   faith or any other claim.  *See, e.g., Dakota, Minn, & E. R.R. Corp. v. Acuity*, 771 N.W.2d 623, 635

18   (S.D. 2009).  Rule 26(b)(3)(B) provides that courts "must protect against disclosure of the mental

19   impressions, conclusions, opinions, or legal theories of a party's attorney [...] concerning the

20   litigation."  Rule 26(c)(1), however, allows "a party or any person *from whom discovery is sought*"

21   to move for a protective order (emphasis added).  Here, Plaintiff has not propounded any discovery

22   regarding Defendant's litigation conduct or sought to depose Defendant's counsel.  Plaintiff's

23   counsel further represented at the January 12, 2013 hearing that he does not intend to seek any such

24   discovery.  Therefore, the Court finds that Defendant has not shown good cause for a protective

25   order.

26       Defendant should promptly file a motion *in limine* if it seeks to exclude Vaccaro's opinion

27   regarding Defendant's litigation conduct.  In the event the District Judge determines the opinion is

28   admissible, Defendant's rebuttal expert shall be afforded an opportunity to amend his/her report to

address the litigation conduct issue, and Plaintiff shall be permitted to depose Defendant's expert on the issue prior to trial.  Accordingly,

   **IT IS HEREBY ORDERED** that Defendant's Motion for Protective Order Regarding its Litigation Conduct (#23) is **denied**.

   DATED this 13th day of February, 2013.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3