UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ESTHER AXELSON, | ) | |
|         Plaintiff, | ) | Case No. 2:11-cv-01827-RCJ-GWF |
| vs. | ) | **ORDER** |
| HARTFORD INSURANCE COMPANY OF THE MIDWEST, | ) | **Motion for Protective Order (#39)** |
|         Defendant. | ) | |

This matter is before the Court on Plaintiff's Emergency Motion for Protective Order Regarding the Deposition of G. Michael Elkanich, M.D. (#39), filed on March 13, 2013; Defendant Hartford Insurance Company's Response to Plaintiff's Emergency Motion for Protective Order (#43), filed on March 20, 2013; and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Emergency Motion for Protective Order (#45), filed on March 25, 2013. The Court conducted a hearing in this matter on March 26, 2013.

**BACKGROUND AND DISCUSSION**

Plaintiff Esther Axelson seeks recovery of underinsured motorist coverage (UIM) benefits from her automobile insurance company, Hartford, for bodily injury damages she allegedly sustained in a motor vehicle accident that occurred on March 18, 2009. Plaintiff also seeks recovery of damages for Defendant's alleged bad faith refusal to pay the UIM limits of the policy. One of the disputed issues in this case is whether Plaintiff is a candidate for cervical spine surgery as a result of her accident injuries. Plaintiff's treating orthopedic physician and retained medical expert witness, Dr. Elkanich, opines that she is. Dr. Elkanich has provided a written report regarding his opinion pursuant to Fed.R.Civ.Pro. 26(a)(2)(B). His opinion is based on his review

of Plaintiff's medical records, her deposition testimony and his examination of the Plaintiff. Defendant's medical expert witness, Dr. Anthony Serfustini, who is also an orthopedic physician, opines that Plaintiff is not a candidate for surgery.

The issue on this motion is Dr. Elkanich's fees for taking his deposition. Dr. Elkanich charges $1,500 per hour for his deposition. He also requires that $1,500 be paid before he will appear for his deposition. Dr. Elkanich's deposition was initially noticed for January 17, 2013. Defendant Hartford tendered the $1,500 to Dr. Elkanich and deposed him for approximately one hour on that date. Dr. Elkanich requested that the deposition be terminated so that he could attend to his medical duties. Defendant agreed. Defendant subsequently rescheduled Dr. Elkanich's deposition for April 9, 2013. Dr. Elkanich demands that he be paid another $1,500 in advance of his rescheduled deposition. He also demands that Defendant execute a contract to pay his deposition fees before he will appear for the rescheduled deposition. Defendant states in its opposition that its medical expert, Dr. Serfustini, charges $1,400 an hour for taking his deposition.

Hartford now takes the position that Dr. Elkanich may not be entitled to a fee for his deposition, beyond the $40.00 witness appearance fee authorized by 18 U.S.C. §1821. Hartford argues that Dr. Elkanich was Plaintiff's treating physician and is not entitled to an expert witness fee for deposition testimony about his examination, diagnosis, treatment or prognosis rendered during the ordinary course of providing medical treatment. Hartford relies on a line of cases, including *Fisher v. Ford Motor Co.*, 178 F.R.D. 195, 198 (N.D.Ohio 1998) and *Baker v. Taco Bell Corp.*, 163 F.R.D. 348, 349 (D.Colo. 1995), which hold that a treating physician is not entitled to be paid an expert witness fee by the deposing party pursuant to Fed.R.Civ.Pro. 26(b)(4)(E)(i). Other federal courts, however, hold that treating physicians are entitled to be paid a reasonable expert's fee for time spent in deposition. *See Coleman v. Dydula*, 190 F.R.D. 320, 321 (W.D.N.Y. 1999); *Scheinholtz v. Bridgestone/Firestone, Inc.*, 187 F.R.D. 221, 222 (E.D.Pa. 1999); and *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645-46 (E.D.N.Y. 1997).

. . .

. . .

. . .

1    This Court agrees with the interpretation of Rule 26(b)(4)(C)(i)[1] set forth in *Hoover v. United States*, 2002 WL 1949734 (N.D.Ill. 2002). The court noted that Rule 26(a)(2)(A) requires a party to disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Rule 26(a)(2)(A) includes witnesses who may provide expert testimony at trial, but who are not retained or specially employed to testify at trial and are therefore not required to provide a written report and other information pursuant to Rule 26(a)(2)(B). Treating physicians are an example of such experts. *Hoover* further noted that 26(b)(4)(C)(i) states that the expert is entitled to a reasonable fee for responding to discovery under Rule 26(b)(4)(A) which states:

> A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

As *Hoover* explained, the first sentence of Rule 26(b)(4)(A) permits the deposition of "'*any* person who has been identified as an expert whose opinion may be presented at trial.' (emphasis added). That language plainly relates back to Rule 26(a)(2)(A)." *Id.*, at *5. The court therefore stated:

> Based on the foregoing analysis, we conclude that treating physicians who may be called to testify clearly fall within the definition of an expert as that term is used in Rule 26(a)(2)(A). The fact that the report requirement imposed by Rule 26(a)(2)(B) does not apply to a physician testifying solely as a treater does not change the fact that in testifying based on his or her work as a physician, the treater will be calling upon specialized knowledge that can only be provided under Rule 702. And, because a treating physician will offer expert testimony under Rule 702, the treater is included within the class of experts who, if deposed as permitted by Rule26(b)(4)(A), must be paid a reasonable fee by the party taking the deposition under Rule 26(b)(4)(C)(i).

*Hoover*, 2002 WL 1949734, at *6.

. . .

---

[1] The provision regarding payment of the expert's fee is now contained in Rule 26(b)(4)(E)(i).

Unlike some other decisions which rely on policy reasons to hold that treating physicians should be paid a reasonable expert's fee for their depositions, the *Hoover* court based its analysis on the plain language of the rule and rejected decisions such as *Baker v. Taco Bell Corp.* as having misread the rule.

*Coleman v. Dydula*, 190 F.R.D. 320, 324 (W.D.N.Y. 1990) states that in determining what constitutes a ''reasonable fee'' under Rule 26(b)(4)(C), federal district courts have considered such factors as (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. Neither party has provided substantial information regarding the factors set forth in *Coleman*. In view of the fact that Defendant's retained trial expert witness, Dr. Serfustini, charges $1,400 per hour for his deposition, and counsels' representation that these fees are in line with those charged by similarly qualified expert witnesses in this community, the Court concludes that Dr. Elkanich's hourly rate of $1,500 for his deposition in this case is reasonable. The Court expresses no opinion as to what the reasonable hourly rate would be for Dr. Elkanich or another similarly qualified physician who was being deposed solely in his or her capacity as a treating physician. Arguably, the reasonable hourly rate may be different if the physician is merely deposed about his examination findings, diagnosis and treatment rendered during the ordinary course of providing patient care.

The Court further orders Defendant to pay Dr. Elkanich $1,500 in advance of his rescheduled deposition. The $1,500 shall cover the first hour of Dr. Elkanich's deposition. If the deposition exceeds one hour, then Defendant shall pay Dr. Elkanich for the additional time based on an hourly rate of $1,500, i.e. if the deposition goes an additional half hour, Defendant shall pay an additional $750.00. Dr. Elkanich should make himself available for up to two hours of deposition time. Defendant shall promptly pay Dr. Elkanich for any additional compensation that

may be owed for the deposition. The Court recommends that Dr. Elkanich and counsel schedule the deposition at a date and time that avoids or minimizes interference with Dr. Elkanich's medical practice. Finally, Defendant or its counsel are not required to execute a contract or agreement with Dr. Elkanich regarding his deposition. The Federal Rules of Civil Procedure, and this Court's orders in accordance therewith, govern the conditions under which the deposition is taken. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Protective Order is **granted**, in part, and subject to the foregoing provisions of this order.

DATED this 26th day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge